UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                  Case No: 04-80807
                                                    Honorable Victoria A. Roberts

GREGORY CHARLES IVORY,

    Defendant.
_____/

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion In Limine to Exclude Evidence of Drugs or Drug Trafficking. For the reasons stated, the Court DENIES Defendant's Motion.

**II.    BACKGROUND**

Gregory Charles Ivory ("Defendant") is charged with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The charge stems from the execution of a search warrant for the premises of 11630 Ward Street in Detroit, which resulted in the discovery of the firearm at issue (a sawed-off shotgun) and a quantity of cocaine. Defendant is not charged with any drug-related offense. He filed the present motion seeking to exclude any evidence of drugs or drug trafficking.

**III.   APPLICABLE LAW AND ANALYSIS**

    A.   Res Gestae

The Sixth Circuit recognizes an exception to the prohibitions of Federal Rule of Evidence 404(b) and allows the admission of res gestae or "background" evidence. *United States v. Frederick*, 2005 FED App. 0205P, 2005 U.S. App. LEXIS 7770 at *13 (6th Cir. May 5, 2005). "To fall within this exception, evidence must consist of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense. Proper background evidence has a causal, temporal, or spatial connection with the charged offense." *Id.* at *13-14 (*quoting United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Hardy*, 228 F.3d at 748.

The evidence of drugs at the scene is legitimate *res gestae*. First, there is causal connection because the Government asserts that the gun was possessed to protect Defendant and his drugs from others. Second, there is a temporal connection in that the alleged firearm possession occurred at exactly the same time as Defendant's attempted disposal of his drugs. Third, there is a "spatial" connection because the firearm was allegedly within arm's reach when Defendant was attempting to dispose of the drugs.

Moreover, Defendant's alleged drug activity "arises from the same events as the charged offense, forms and integral part of a witness's testimony, [and] completes the

story of the charged offense." The Government correctly states that the drugs activity sets the entire stage for the offense at issue and provides the reason the firearm, Defendant, the other persons, and the police were in the house on September 14, 2004. Additionally, the drugs provide the reason that Defendant was occupied at the time the officers entered the kitchen.

    B.    Motive

Federal Rule of Evidence 404(b) permits the admission of evidence offered to show "motive." The Government asserts that evidence of Defendant's drug possession provides the motive for his possession of the firearm– protection for himself and his drug supply. "Courts [including the Sixth Circuit] have held that evidence of drug dealing is admissible to show a motive to possess firearms illegally." *Frederick*, 2005 U.S. App. LEXIS 7770 at *15 (*citing United States v. Smith*, 292 F.3d 90 (1st Cir. 2002); *United States v. Fuller*, 887 F.2d 144, 147 (8th Cir. 1989)); *see also United States v. Hurd*, 1993 WL 389944 (6th Cir. Oct. 1, 1993)(unpublished). In *Frederick*, the Sixth Circuit found the witness's "testimony about Frederick's prior drug sales was highly probative, direct evidence of Frederick's motive to possess the MAK90 found in his closet and, thus, of Frederick's guilt of" being a convicted felon in possession of a firearm. *Id.* Here, Defendant's possession of drug is directly relevant to the charge of being a convicted felon in possession of a firearm in that the drug possession establishes motive.

The more difficult question is whether the probative value of the drug evidence is substantially outweighed by any danger of unfair prejudice. The weight of the case law cuts against Defendant on this question. The Government concedes that illicit drug

3

dealing may paint Defendant in a bad light.  However, relying on *United States v. Smith*, *supra*, the Government contends "the strongest evidence of motive (and therefore knowing possession)... [is] the drug dealing from [the home] around the time the gun was discovered."  *Smith*, 292 F.3d at 100.  The probative value of the drug evidence is not outweighed by its prejudice on Defendant.  *See Frederick*, *supra*.

     Defendant relies on *United States v. Currier*, 821 F.2d 52 (1st Cir. 1987).  *Currier*, however, is distinguishable from this case.  In *Currier*, the Court found that evidence of drug trafficking was not relevant and unfairly prejudicial because motive was not at issue.  In *Currier*, the defendant did not argue that the weapon belonged to someone else.  Indeed, the government in *Currier* offered direct testimony of the individual who alleged sold the firearm in question the defendant.  This case (like *Smith*, *Hurd*, *Fuller*, and *Frederick*) involves a defendant who contends that the weapon belonged to someone else.

     The Court will offer a necessary limiting instruction to the jury regarding the appropriate use of evidence of drug trafficking.  Such an instruction will help alleviate unfair prejudice of the drug related evidence.  Some courts have offered such an instruction only as part of the jury instruction, others have offered it also at the time of the testimony.  Defendant is invited to submit an appropriate limiting instruction to the Court.

**IV.**    **CONCLUSION**

     For the reasons stated, the Court **DENIES** Defendant's Motion In Limine to Exclude Evidence of Drugs or Drug Trafficking.  An appropriate limiting instruction will

be given to the jury.

**IT IS SO ORDERED.**

                          s/Victoria A. Roberts
                          Victoria A. Roberts
                          United States District Judge

Dated: May 23, 2005

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 23, 2005.
>
> s/Linda Vertriest
> Deputy Clerk